UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HELEN SUE KAGAN, on behalf of Plaintiff
and a class,

                              Plaintiff,

        v.

SELENE FINANCE L.P. and SELENE
VENTURES GP, LLC,

                         Defendants.

---

Case No. 15-CV-5936 (KMK)

OPINION & ORDER

Appearances:

Tiffany N. Hardy, Esq.
Edelman, Combs, Latturner & Goodwin, LLC
Chicago, IL
*Counsel for Plaintiff*

Abraham Kleinman, Esq.
Kleinman LLC
Uniondale, NY
*Counsel for Plaintiff*

Jason E. Manning, Esq.
Troutman Sanders LLP
Richmond, VA
*Counsel for Defendants*

John C. Lynch, Esq.
Troutman Sanders LLP
Virginia Beach, VA
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

      Helen Sue Kagan ("Plaintiff") brings this Action, on behalf of herself and a class,

alleging that Selene Finance L.P. ("Selene Finance") and Selene Ventures GP, LLC ("Selene

Ventures," and collectively, "Defendants") engaged in unlawful credit and collection practices in

violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  (Dkt. No. 1.)  Before the Court is Defendants' Motion To Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion").  (Dkt. No. 29.)  For the following reasons, the Motion is granted in part and denied in part.

## I.  Background

### A.  Factual Background

The following facts are drawn from Plaintiff's Complaint and are taken as true for the purpose of resolving the instant Motion.[1]

Plaintiff is an individual who resides in a single-family home that she owns.  (Compl. ¶ 4 (Dkt. No. 1).)  Selene Finance is a limited partnership entity, (*id.* ¶ 5), and a "special servicer" of residential mortgages, (*id.* ¶ 6).[2]  Selene Finance was established in October 2007 to service nonperforming and subperforming residential mortgage loans, i.e., to collect delinquent debts. (*Id.* ¶ 8.)  By 2012, it expanded into servicing prime mortgage loans.  (*Id.* ¶ 9.)  Selene Finance regularly acquires delinquent loans, (*id.* ¶ 11), and then attempts to collect such loans through use of the mails and telephone system, (*id.* ¶ 12).[3]  Selene Ventures is a limited liability company and the general partner of Selene Finance.  (*Id.* ¶ 14.)

---

[1] The Court also properly considers the documents attached to the Complaint.  *See Kalyanaram v. Am. Ass'n of Univ. Professors at N.Y. Inst. of Tech., Inc.*, 742 F.3d 42, 44 n.1 (2d Cir. 2014) (explaining that on a Rule 12(b)(6) motion, a court "may consider the complaint as well as any written instrument attached to the complaint as an exhibit" (alteration and internal quotation marks omitted)).

[2] The Complaint defines "special servicer" as one that specializes in servicing delinquent loans.  (Compl. ¶ 7.)

[3] According to the Complaint, Selene Finance is a debt collector as defined in the FDCPA.  (Compl. ¶ 13.)

Selene Finance has been attempting to collect from Plaintiff a residential mortgage debt incurred for personal, family, or household purposes.  (*Id.* ¶¶ 15, 17.)  The debt was in default at the time Selene Finance first became involved with it.  (*Id.* ¶ 16.)  On or about September 4, 2014, Selene Finance sent Plaintiff a letter regarding her debt, intended as the "Notice of Debt" required by § 1692g (the "Notice").  (*Id.* ¶¶ 18–20; *see also id.* Ex. A ("Notice").)[4] Subsequently, on or about September 18, 2014, Selene Finance sent Plaintiff a letter seeking a loan modification.  (Compl. ¶ 21; *see also id.* Ex. B (outlining loss mitigation and foreclosure alternative programs).)  On September 30, 2014, Selene Finance sent Plaintiff another letter regarding her loan payments.  (Compl. ¶ 22; *see also id.* Ex. C (advising Plaintiff to contact the Loan Resolution Department if she were having trouble making payments).)  On or about October 1, 2014, Plaintiff submitted a written debt dispute.  (Compl. ¶ 23; *see also id.* Ex. D.) Thereafter, Selene Finance acknowledged the receipt of Plaintiff's letter and provided a timeline for Selene Finance's response.  (Compl. ¶ 24; *see also id.* Ex. E.)  On or about October 28, 2014, Selene Finance sent Plaintiff a "Notice of Default and Intent to Accelerate."  (Compl. ¶ 25; *see also id.* Ex. F.)[5]

---

[4] The Notice states in relevant part:

3. Unless you notify Selene [Finance] within 30 days of receipt of this notice that you dispute the validity of the debt, or any portion thereof, Selene [Finance] will assume the debt to be valid.
4. Within 30 days of receipt of this notice, you may dispute the validity of the debt in writing.  At that time, Selene [Finance] will obtain verification of the debt and a copy of the verification will be sent to the referenced mailing address.
5. Within 30 days of receipt of this notice, you may request in writing that Selene [Finance] provide you with the name and address of the original creditor.
Should you have any questions, please contact our Customer Service Department at (877) 768-3759 . . . .

[5] Each of these letters from Selene Finance disclosed that "Selene Finance LP is a debt collector . . . ."  (Compl. Exs. A–C, E–F.)

Between June 8, 2015 and June 20, 2015, Plaintiff received the following voicemail

messages from Selene Finance:

- "Hi this message is for Helen Sue Kagan.  This is Maria from Selene Finance, if you could please return my call.  877-768-3759.  Thank you."  (Wednesday, 6:58 p.m.)
- "Please call Selene Finance at 877-768-3759.  It is very important that you return our call within 24 hours.  Our hours of operation are Monday thru Thursday 8 a.m. to 9 p.m. and Friday 8 a.m. to 5 p.m.  Please call Selene Finance at 877-768-3759."  (Friday, 11:53 a.m.)
- "Please call Selene Finance at 877-768-3759.  It is very important that you return our call within 24 hours.  Our hours of operation are Monday thru Thursday 8 a.m. to 9 p.m. and Friday 8 a.m. to 5 p.m.  Please call Selene Finance at 877-768-3759."  (Tuesday, 5:08 p.m.)
- "Hi this message is for Helen Sue Kagan.  This is Maria from Selene Finance, if you could please return my call.  877-768-3759.  Thank you."  (Wednesday, 6:11 p.m.)
- "Please call Selene Finance at 877-768-3759.  It is very important that you return our call within 24 hours.  Our hours of operation are Monday thru Thursday 8 a.m. to 9 p.m. and Friday 8 a.m. to 5 p.m.  Please call Selene Finance at 877-768-3759."  (Friday, 11:25 a.m.)

(the "Voicemail Messages").  (Compl. ¶ 26.)

B.  Procedural Background

Plaintiff commenced this putative Class Action against Defendants on July 29, 2015,

alleging violations of the FDCPA.  (Dkt. No. 1.)  Pursuant to a briefing schedule adopted by the

Court on November 30, 2015, (Dkt. No. 28), Defendants filed their Motion and supporting

papers on January 12, 2016, (Dkt. Nos. 29–30).  Plaintiff filed her opposition on February 23,

2016, (Dkt. No. 39), and Defendants filed their reply on March 4, 2016, (Dkt. No. 40).

II.  Discussion

A.  Applicable Law

1.  Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual

allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of

[her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of

4

the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and internal quotation marks omitted).  Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and internal quotation marks omitted).  Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (second alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Aegis Ins. Servs., Inc. v. 7 World Trade Co.*, 737 F.3d 166, 176 (2d Cir. 2013) (explaining that a court "reviewing a dismissal pursuant to Rule 12(b)(6)" must "accept all

factual allegations in the complaint as true" (alteration and internal quotation marks omitted)).
Further, "[f]or the purpose of resolving [a] motion to dismiss, the [c]ourt . . . draw[s] all
reasonable inferences in favor of the plaintiff." *Daniel v. T&M Prot. Res., Inc.*, 992 F. Supp. 2d
302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir.
2012)).

Lastly, a court ruling on a Rule 12(b)(6) motion "may consider the complaint[,] . . . any
written instrument attached to the complaint as an exhibit[,] or any statements or documents
incorporated in it by reference," as well as "matters of which judicial notice may be taken, and
documents either in [the] plaintiffs' possession or of which [the] plaintiffs had knowledge and
relied on in bringing suit." *Kalyanaram v. Am. Ass'n of Univ. Professors at N.Y. Inst. of Tech.,
Inc.*, 742 F.3d 42, 44 n.1 (2d Cir. 2014) (alterations and internal quotation marks omitted); *see
also Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) ("In adjudicating a
Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of
the complaint, in documents appended to the complaint or incorporated in the complaint by
reference, and to matters of which judicial notice may be taken." (internal quotation marks
omitted)); *Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

## 2.  FDCPA

The purpose of the FDCPA is to eliminate abusive debt collection practices and establish
"certain rights for consumers whose debts are placed in the hands of professional debt collectors
for collection." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (internal quotation
marks omitted); *see also Plummer v. Atl. Credit & Fin., Inc.*, 66 F. Supp. 3d 484, 487 (S.D.N.Y.
2014) (same).  "Debt collectors that violate the FDCPA are strictly liable, meaning that a
consumer need not show intentional conduct by the debt collector to be entitled to damages."

6

*Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012) (internal quotation marks omitted).

Moreover, a single violation is sufficient to subject a debt collector to liability under the statute.

*See Ellis v. Solomon & Soloman, P.C.*, 591 F.3d 130, 133 (2d Cir. 2010).

Specifically, the statute requires debt collectors to provide "fair notice to debtors of their

rights," *Weber v. Computer Credit, Inc.*, 259 F.R.D. 33, 37 (E.D.N.Y. 2009), including "a

'validation notice' either in the initial communication with a consumer in connection with the

collection of a debt or within five days of that initial communication," which informs the

consumer of "certain rights, including the rights to make a written request for verification of the

debt and to dispute the validity of debt," *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292,

309 (2d Cir. 2003); *see also Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 653 (S.D.N.Y.

2006) (noting that the FDCPA "requires debt collectors to notify debtors about their ability to

challenge the validity of a debt and to provide other basic information" (citing 15 U.S.C.

§ 1692g)).[6]  Consumers may dispute debts either in writing *or* orally.  *See Hooks v. Forman,*

*Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013) (concluding "that § 1692g(a)(3)

---

[6] Section 1692g(a) provides, in relevant part:

Within five days after the initial communication with a consumer in connection
with the collection of any debt, a debt collector shall, unless the following
information is contained in the initial communication or the consumer has paid the
debt, send the consumer a written notice containing—(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed; (3) a statement that unless
the consumer, within [30] days after receipt of the notice, disputes the validity of
the debt, or any portion thereof, the debt will be assumed to be valid by the debt
collector; (4) a statement that if the consumer notifies the debt collector in writing
within the [30]-day period that the debt, or any portion thereof, is disputed, the debt
collector will obtain verification of the debt or a copy of a judgment against the
consumer and a copy of such verification or judgment will be mailed to the
consumer by the debt collector; and (5) a statement that, upon the consumer's
written request within the [30]-day period, the debt collector will provide the
consumer with the name and address of the original creditor, if different from the
current creditor.

does not impose a writing requirement"); *Abramov v. I.C. Sys., Inc.*, 54 F. Supp. 3d 270, 276 (E.D.N.Y. 2014) (recognizing that § 1692g(a) permits consumers to dispute the validity of a debt orally).

In "determining whether § 1692g has been violated," courts apply "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996); *see also Foti*, 424 F. Supp. 2d at 661 ("[T]he test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." (other internal quotation marks omitted)).  Even where the initial validation notice is adequate, a defendant may still be liable under the FDCPA if the communication contains other "language that overshadows or contradicts" the "language informing a consumer of her rights."  *Russell*, 74 F.3d at 34 (internal quotation marks omitted); *see also Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) ("[A] debt collector violates § 1692g(a), even if the collector includes an accurate validation notice, if that notice is overshadowed or contradicted by other language in communications to the debtor.").  However, lack of sophistication is not to be conflated with unreasonableness.  *See Ellis*, 591 F.3d at 135 (noting that "[t]he hypothetical least sophisticated consumer . . . is neither irrational nor a dolt"); *Jacobson*, 516 F.3d at 90 ("[I]n addition to protecting consumers against deceptive debt collection practices, the objective test . . . protects debt collectors from unreasonable constructions of their communications.").  "[T]he FDCPA does not aid plaintiffs whose claims are based on 'bizarre or idiosyncratic interpretations of collection notices.'"  *Jacobson*, 516 F.3d at 90 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993)).

In addition, "[t]he FDCPA creates a general prohibition against the use of 'false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Miller*, 321 F.3d at 300 (quoting 15 U.S.C. § 1692e).[7]  "[C]ollection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling*, 692 F.3d at 233 (internal quotation marks omitted); *see also Russell*, 74 F.3d at 35 ("[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate.").  As with claims brought under § 1692g, courts "apply an objective test based on the understanding of the 'least sophisticated consumer' in determining whether a collection letter violates [§] 1692e."  *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993); *see also Easterling*, 692 F.3d at 233 ("Whether a collection letter is 'false, deceptive, or misleading' under the FDCPA is determined from the perspective of the objective 'least sophisticated consumer.'" (quoting *Clomon*, 988 F.2d at 1318)).

B.  Analysis

In order to prevail on a claim under the FDCPA, three requirements must be met:  "(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt," "(2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements."  *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 508, 514 (S.D.N.Y. 2013) (other internal quotation marks omitted).  The Complaint easily satisfies the

---

[7] Section 1692e(10) expressly prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Moreover, another subsection requires a debt collector to disclose in an initial communication "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."  15 U.S.C. § 1692e(11).  Subsequent communications with the consumer must disclose "that the communication is from a debt collector."  *Id.*

first two prongs in alleging that Plaintiff has been the object of efforts to collect a debt "incurred

for personal, family[,] or household purposes," (Compl. ¶¶ 15, 17), and that Selene Finance

regularly attempts to collect loans it has acquired, (*id.* ¶¶ 11–12; *see also id.* ¶ 13 (alleging

"[Selene] Finance is a debt collector as defined in the FDCPA")).[8]  Thus, the only question

before the Court is whether Plaintiff has plausibly alleged that Selene Finance engaged in

unlawful collection activities, based on either the Notice or the Voicemail Messages.

### 1.  The Notice

Plaintiff alleges that the Notice fails to comply with § 1692g and is misleading in

violation of § 1692e(10) ("Count I").  (Compl. ¶ 28.)  According to the Complaint, "numbered

paragraph 4 [of the Notice] purports to inform the consumer that a dispute must be made in

writing" without "mak[ing] clear that the debt may be disputed orally, and that a written dispute

is only required to obtain verification."  (*Id.*)  Defendants seek dismissal of Count I on the

grounds that the "Notice clearly communicates that debt disputes may be made orally *or* in

writing."  (Defs.' Mem. of Law in Supp. of Mot. ("Defs.' Mem.") 1 (Dkt. No. 30); *see also id.* at

5–8.)

As an initial matter, in advising that unless the consumer "notif[ies] Selene [Finance]

within 30 days of receipt of this notice that [she] dispute[s] the validity of the debt, or any

_____

[8] The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated
to pay any debt," 15 U.S.C. § 1692a(3), and defines "debt collector," in pertinent part, as a
person "who regularly collects . . . debts owed . . . or due another," or who is involved "in any
business the principal purpose of which is the collection of any debts," *id.* § 1692a(6).  "The term
'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a
transaction" made "primarily for personal, family, or household purposes . . . ."  *Id.* § 1692a(5).
Defendants have not disputed that Plaintiff is a "consumer," the sum Selene Finance attempted to
collect from Plaintiff is a "debt," or Selene Finance is a "debt collector," as those terms are
defined by the FDCPA.  (*See generally* Defs.' Mem. of Law in Supp. of Mot. (Dkt. No. 30);
Defs.' Reply Mem. of Law in Supp. of Mot. ("Defs.' Reply") (Dkt. No. 40).)

portion thereof, Selene [Finance] will assume the debt to be valid," (Notice ¶ 3), the Notice "tracks the statutory language," *Nasca v. GC Servs. Ltd. P'shp*, No. 01-CV-10127, 2002 WL 31040647, at *7 (S.D.N.Y. Sept. 12, 2002); *cf.* 15 U.S.C. § 1692g(a)(3), and mirrors language found by other courts to comply with the FDCPA, *see, e.g.*, *Sebrow v. NCO Fin. Sys., Inc.*, No. 08-CV-1725, 2009 WL 2707341, at *3 (E.D.N.Y. Aug. 27, 2009) (finding a notice "parallel[ed] the language of [§] 1692g(a)(3)" in stating that "[u]nless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid" (internal quotation marks omitted)); *Nasca*, 2002 WL 31040647, at *5–7 (finding a notice complied with the FDCPA where it stated that "[u]nless you, within thirty (30) days[,] . . . dispute the validity of the debt . . . the debt will be assumed to be valid by [the debt collector]" (internal quotation marks omitted)); *cf. Foti*, 424 F. Supp. 2d at 647 (noting that the plaintiffs did not challenge that an initial communication "complied with the FDCPA requirements" where the communication stated that "[u]nless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid" (internal quotation marks omitted)).  Paragraph 3 thus complies with the FDCPA, *see* 15 U.S.C. § 1692g(a)(3), and Plaintiff does not appear to argue otherwise, (*see generally* Pl.'s Mem. of Law in Opp'n to Mot. ("Pl.'s Opp'n") (Dkt. No. 39)).

The Notice then goes on in paragraph 4 to advise that the consumer "may dispute the validity of the debt in writing."  (Notice ¶ 4.)  Plaintiff claims this notice provision violates the FDCPA because it "misstates the statutory language" in "imply[ing] that a writing is required to dispute the debt."  (Pl.'s Opp'n 13.)  Instead, Plaintiff contends that the statute requires debt collectors to advise consumers that a writing is required *if* the consumer wants verification.  (*See*

*id.* at 14.)  Thus, according to Plaintiff, based on the wording of paragraph 4, "an unsophisticated consumer" could "readily conclude that any dispute *must* be made in writing."  (*Id.* at 16 (emphasis added).)  Count I thereby turns on "whether 'the hypothetical least sophisticated consumer could reasonably interpret'" the Notice "to represent, incorrectly," that a writing is required to dispute the debt.  *Lotito v. Recovery Assocs. Inc.*, No. 13-CV-5833, 2014 WL 4659464, at *8 (E.D.N.Y. Sept. 17, 2014) (quoting *Easterling*, 692 F.3d at 234).

To begin, "there is no requirement in the FDCPA that a debt collector quote the statute's language verbatim."  *Orr v. Westport Recovery Corp.*, 941 F. Supp. 2d 1377, 1382 (N.D. Ga. 2013) (citing *Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 808 (2d Cir. 1989)); *see also Beeman v. Lacy, Katzen, Ryen & Mittleman*, 892 F. Supp. 405, 410 (N.D.N.Y. 1995) (same).  Indeed, "[c]ourts have held that collection notices are not deceptive simply because certain essential information is conveyed implicitly rather than explicitly."  *Ali v. Pendergast & Assocs., P.C.*, No. 12-CV-2983, 2014 WL 11788874, at *18 (N.D. Ga. June 2, 2014) (citing *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1028–29 (6th Cir. 1992)), *adopted by* 2014 WL 11930613 (N.D. Ga. July 1, 2014).  Paragraph 4 "does not include any explicit requirement of a writing to dispute a debt."  *Nasca*, 2002 WL 31040647, at *7.  Nor does it in any way limit Plaintiff's ability to contest the debt to writing alone.  To the contrary, the permissive language advising her that she "*may* dispute the validity of the debt in writing," (Notice ¶ 4 (emphasis added)), sufficiently (even if implicitly) conveys the option, rather than the requirement, of a writing, *cf. Gradisher v. Check Enf't Unit, Inc.*, 210 F. Supp. 2d 907, 913 (W.D. Mich. 2002) (finding an FDCPA violation where the notice did "not state that the debtor *may dispute* the validity of the

debt . . . in writing" (emphasis added)).[9]  Even the "least sophisticated consumer" possesses "a

willingness to read a collection notice with some care," *Ellis*, 591 F.3d at 135 (internal quotation

marks omitted), and a straightforward reading of the challenged language indicates that the

consumer may, but need not, dispute a debt in writing.  As the Ninth Circuit has held, "a

validation notice violates § 1692g(a)(3) of the FDCPA *only where* it expressly requires a

consumer to dispute her debt in writing." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1099 (9th

Cir. 2012) (emphasis added).

While not identical, paragraph 4 of the Notice effectively reflects the substance of

§ 1692g(a) in providing that a consumer "*may* dispute the validity of the debt in writing."

(Notice ¶ 4 (emphasis added).)  The FDCPA does not mandate the use of the word "if," *see* 15

U.S.C. § 1692g(a)(4) (requiring that a validation notice include "a statement that if the consumer

notifies the debt collector in writing within the [30]-day period that the debt, or any portion

thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment

against the consumer"), and thus the absence of the word "if" from the Notice will not constitute

a violation of § 1692g, *cf. Riggs*, 681 F.3d at 1099.

Moreover, the Notice conspicuously provides Selene Finance's telephone number

immediately following the debt validation disclosures, (*see* Notice, at 2), which further evidences

---

[9] The cases cited by Plaintiff are not to the contrary, (*see* Pl.'s Opp'n 16–17), as the
elective language in the Notice—i.e., that a consumer "*may* dispute," (Notice ¶ 4 (emphasis
added))—distinguishes the instant Action from those decisions, *see Abramov*, 54 F. Supp. 3d at
277 (finding that "the directive to the consumer debtor to dispute the debt 'in writing' . . . could
have 'overshadowed' or 'contradicted' the [prior sentence], which properly indicated that a
writing is not necessary to dispute an underlying debt, or been 'misleading' with respect to that
sentence"); *Lotito*, 2014 WL 4659464, at *8 (finding the complaint stated an FDCPA claim
where a subsequent communication advised the consumer "that should you not dispute this
matter *in writing* within 30 days of our first communication to you, we will assume that our
information is correct and proceed accordingly" (internal quotation marks omitted))).

that oral disputes could be made, *see Castro v. ARS Nat'l Servs., Inc.*, No. 99-CV-4596, 2000 WL 264310, at *3 (S.D.N.Y. Mar. 8, 2000) ("The collection letter does not require the debtor to notify the collection agency of its dispute in writing.  Indeed the letter provides the consumer with the defendant's toll-free telephone number . . . .").

"[B]ecause the least sophisticated consumer standard is objective, the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law."  *Castro v. Green Tree Servicing LLC*, 959 F. Supp. 2d 698, 707 (S.D.N.Y. 2013).  Here, the Court finds that the Notice complies with the FDCPA in effectively communicating that the consumer has the option to dispute a debt in writing.  Count I is thereby dismissed.

### 2.  The Voicemail Messages

Plaintiff further alleges that "[t]he [V]oicemail [M]essages do not contain the debt collection warning required by 15 U.S.C. §1692e(11)" ("Count II").  (Compl. ¶ 39.) Specifically, Count II claims that Selene Finance violated the FDCPA in failing to identify itself as a debt collector in telephone calls to Plaintiff.  (*Id.* ¶ 42; *see also* Pl.'s Opp'n 18 (asserting the Complaint alleges "that [D]efendants violated §1692e of the FDCPA by leaving [P]laintiff a variety of scripted voicemail messages requesting a return telephone call from [P]laintiff" without "disclos[ing] that the caller[] was a debt collector").)  Defendants contend, in turn, that "the [V]oicemail [M]essages clearly identified Selene Finance and followed a multitude of correspondence from Selene Finance[,] each of which stated that Selene Finance was a debt collector."  (Defs.' Mem. 2; *see also id.* at 8–11.)[10]  They argue that "[a]t best, Selene Finance's

---

[10] By their own assertion, Defendants "do[] not argue that [the Voicemail Messages] are not 'communications' within the meaning of the FDCPA . . . ."  (Defs.' Reply 5.)

failure to include 'this is a debt collector' language in the voicemails verbatim was an immaterial omission that could not mislead a least sophisticated consumer and is, therefore, not actionable as a false or misleading communication."  (*Id.* at 11 (citing *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 94–95 (2d Cir. 2012)).)

"To comply with [§] 1692e(11), the debt collector must 'clearly' be identified in the communication to the debtor," *McPhatter v. M. Callahan & Assocs., LLC*, No. 11-CV-5321, 2013 WL 5209926, at *3 (E.D.N.Y. Sept. 13, 2013) (other internal quotation marks omitted), including in any "subsequent communications," 15 U.S.C. § 1692e(11).  Yet, a subsequent communication need not "quote verbatim the language of the statute." *Foti*, 424 F. Supp. 2d at 668 (quoting *Emanuel*, 870 F.2d at 808); *accord Forcier v. Creditors Specialty Serv., Inc.*, No. 13-CV-444, 2014 WL 6473043, at *8 (D.N.H. Nov. 17, 2014) ("Congress did not mandate that the exact words 'debt collector' be included in the communication." (other internal quotation marks omitted)); *Beeders v. Gulf Coast Collection Bureau, Inc.*, No. 09-CV-458, 2010 WL 2696404, at *4 (M.D. Fla. July 6, 2010) ("[T]he FDCPA does not require debt collectors to quote the statutory language verbatim in order to be in compliance." (citing *Foti*, 424 F. Supp. 2d at 668)), *aff'd*, 432 F. App'x 918 (11th Cir. 2011).

Here, the Voicemail Messages include Selene Finance's name and phone number but at no point identify the caller as a debt collector.  (*See* Compl. ¶ 26.)  Defendants nonetheless argue that "even the least sophisticated consumer was clearly informed, and would know, that Selene Finance was a debt collector," (Defs.' Mem. 10–11 (citing *Gabriele*, 503 F. App'x at 95)), based on the prior exchange of "extensive correspondence regarding Plaintiff's debt," where "each of Selene Finance's letters to Plaintiff disclosed that Selene Finance was a 'debt collector,'" (*id.* at 10 (citing Compl. Exs. A–F)).  However, not only have courts rejected nearly identical

arguments, *see, e.g.*, *Winberry v. United Collection Bureau, Inc.*, 697 F. Supp. 2d 1279, 1291 (M.D. Ala. 2010) (rejecting the defendant's argument "that it complied with the requirement that its agents identify themselves as debt collectors" because "the [plaintiffs] were aware of who was calling" based on name recognition); *Drossin v. Nat'l Action Fin. Servs., Inc.*, 641 F. Supp. 2d 1314, 1319 (S.D. Fla. 2009) (rejecting the defendant's argument "that based on prior communications, a consumer may have recognized its name and known that it was a debt collector"); *Savage v. NIC, Inc.*, No. 08-CV-1780, 2009 WL 2259726, at *5–6 (D. Ariz. July 28, 2009) (finding the defendant had not "satisfied the disclosure requirement" where the caller identified himself by name only but "had disclosed that he was a debt collector in prior communications"), but many have expressly found that consumers should not be expected to draw connections between separate communications, *see, e.g.*, *Edwards v. Niagara Credit Sols., Inc.*, 584 F.3d 1350, 1351 (11th Cir. 2009) ("The [FDCPA] specifically requires that a debt collector disclose in *all* communications with a debtor that the message is from a debt collector." (emphasis added) (citing 15 U.S.C. § 1692e(11))); *Pasquale v. Law Offices of Nelson & Kennard*, 940 F. Supp. 2d 1151, 1158 (N.D. Cal. 2013) ("The plain language of [§ 1692e(11)] requires a debt collector to identify himself as such in *all* subsequent communication."); *Kimball v. Frederick J. Hanna & Assocs., P.C.*, No. 10-CV-130, 2011 WL 3610129, at *4 (D. Minn. Aug. 15, 2011) ("The language of § 1692e(11) explicitly requires that in *each* communication after the initial communication there must be a disclosure that the communication is from a debt collector." (emphasis added)); *Drossin*, 641 F. Supp. 2d at 1320 ("[T]he statutory language . . . requires the debt collector to reveal its identity—it does not require the consumer to recall any previous communications." (citing *Foti*, 424 F. Supp. 2d at 669)); *Savage*, 2009 WL 2259726, at *6 ("[P]resuming that [the] [p]laintiffs were aware that [the] [d]efendant was a debt

collector [based on identification as such in prior communications] would be contrary to the objectives of the statute to protect debtors, even the least sophisticated, from abusive or deceptive collection practices." (citing 15 U.S.C. § 1692e)).

Although the Voicemail Messages include Selene Finance's name, (*see* Compl. ¶ 26), and followed after (that is, well after) letters that identified Selene Finance as a debt collector, (*see id.* Exs. A–C, E–F), these communications failed to properly identify the caller as a "debt collector," *see Dona v. Midland Credit Mgmt., Inc.*, No. 10-CV-825, 2011 WL 941204, at *2 (E.D.N.Y. Feb. 10, 2011) (holding that the failure to identify the caller as a debt collector "alone is sufficient to constitute a violation of the FDCPA disclosure requirement, regardless of whether the plaintiff had received numerous phone messages prior to the communication in question"), *adopted by* 2011 WL 939724 (E.D.N.Y. Mar. 15, 2011); *Pifko v. CCB Credit Servs., Inc.*, No. 09-CV-3057, 2010 WL 2771832, at *6 (E.D.N.Y. July 7, 2010) (concluding "that the telephone message could violate [§] 1692e(11) because [the defendant's] employee failed to identify himself as a debt collector seeking to collect a debt," notwithstanding that he introduced himself as calling on behalf of the defendant); *accord Hilgenberg v. Elggren & Peterson*, No. 13-CV-1086, 2015 WL 4077765, at *4 (D. Utah July 6, 2015) (finding that "[the defendant] failed to meet the disclosure requirements contained in [§] 1692e(11)" where callers used the company's name but "did not disclose that they were calling from a debt-collection agency").[11]

---

[11] Plaintiff cites *Hilgenberg* for the proposition that she "is not required under the statutory framework to remember and cross reference these calls over a ten-month period," as "the least sophisticated consumer[—]and even an average consumer—could easily forget or mix up the identity of a debt collector, especially when the messages do not clearly reference the debt." (Pl.'s Opp'n 19 (quoting *Hilgenberg*, 2015 WL 4077765, at *5).) That reliance is misguided, however, because the cited statements were made in the context of a § 1692d(6) claim, *see Hilgenberg*, 2015 WL 4077765, at *4–5, and Plaintiff makes no such allegations here, (*see generally* Compl.). The Court instead looks only to the portion of *Hilgenberg* analyzing voicemail messages under § 1692e(11). *See* 2015 WL 4077765, at *4 (addressing claim that the

The cases relied upon by Defendants do not dictate otherwise.  (*See* Defs.' Mem. 9–10.)
In *Majerowitz v. Stephen Einstein & Associates, P.C.*, No. 12-CV-4592, 2013 WL 4432240
(E.D.N.Y. Aug. 15, 2013), the court found no § 1692e(11) violation where the voicemail
messages "clearly stated that [the call] was from [the defendant]" and were recorded after a
series of correspondence between the plaintiff and the defendant.  2013 WL 4432240, at *3.  The
court granted the defendant's motion for summary judgment, reasoning "[t]here was no
requirement that [the] defendant repeatedly add after its name what [the] plaintiff surely knew,
that it was a debt collector."  *Id.*  Notwithstanding Defendants' assertion to the contrary, (*see*
Defs.' Reply Mem. of Law in Supp. of Mot. 7 (Dkt. No. 40) (arguing that *Majerowitz* and
*Forcier* are distinguishable only by "inconsequential factual differences")), the factual
differences are indeed consequential.  Whereas the messages at issue in *Majerowitz* occurred
within days or weeks—and in one instance within hours—of other communications identifying
the defendant as a debt collector, *see* 2013 WL 4432240, at *1–2, here the Voicemail Messages
were recorded approximately 8 months after the exchange of correspondence regarding
Plaintiff's debt, (*see* Compl. ¶¶ 18–25 (alleging that Plaintiff received letters from Selene
Finance in September and October 2014); *id.* ¶ 26 (alleging that Plaintiff received the Voicemail
Messages between June 8, 2015 and June 20, 2015)).  In light of this extended timeline, and
especially at the motion-to-dismiss stage, the Court will not presume that Plaintiff would recall
those prior communications and "surely" know that Selene Finance was a debt collector.  *See
Majerowitz*, 2013 WL 4432240, at *3; *accord Drossin*, 641 F. Supp. 2d at 1319 (concluding that

---

defendant "violated [§] 1692e(11) by failing to disclose in subsequent communications that the
communication is from a debt collector" (internal quotation marks omitted)).

identification by the debt collector as a debt collector was required in subsequent communications, notwithstanding any alleged name recognition from prior communications).

Defendants also cite to *Forcier*, where the court held that the plaintiff failed to state a claim under § 1692e(11) because she did "not allege that she was unaware that [the defendant] was a debt collector when she received [the] communications [at issue], and each of the three messages suggests that [she] had had prior interactions with [the defendant] concerning the debt." 2014 WL 6473043, at *8. While that defendant's representative similarly did not use "the term 'debt collector'" in making calls to the plaintiff, the voicemail messages in *Forcier* did make some reference to "payment," "interest," and "your account." *Id.* That is not the case here, where the Voicemail Messages give no indication as to the purpose of the calls or the nature of Selene Finance's business. (*See* Compl. ¶ 26.) In the absence of any such clues, it is thus far more difficult to find that Plaintiff was aware that Selene Finance was a debt collector. "Put another way, this is not a case where the fact that the communication is from a debt collector would be apparent even to the least sophisticated consumer." *Foti*, 424 F. Supp. 2d at 669.

Although the Second Circuit has not clearly established that violations of § 1692e(11) must be material in order to be enforceable, it has cited other circuits (even if in a summary order) so holding with apparent approval, *see Gabriele*, 503 F. App'x at 94, and numerous district courts therein have adopted the materiality requirement, *see, e.g.*, *Plummer*, 66 F. Supp. 3d at 490 n.2 (adopting "the generally accepted view that only material omissions or those expressly prohibited under the statute are actionable"); *Okyere*, 961 F. Supp. 2d at 518 ("To satisfy the FDCPA, the alleged act must at a minimum involve a misrepresentation that is 'material.'"). "Statements are material if they influence a consumer's decision to pay a debt or if they would impair the consumer's ability to challenge the debt." *Lautman v. 2800 Coyle St.*

*Owners Corp.*, No. 14-CV-1868, 2014 WL 4843947, at *11 (E.D.N.Y. Sept. 26, 2014) (internal quotation marks omitted); *see also Gabriele*, 503 F. App'x at 94 ("Our case law demonstrates that communications and practices that could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection, violate the FDCPA.").  As noted above, § 1692e(11) requires that a debt collector identify itself as such in all communications to enable consumers to know they are, in fact, in contact with a debt collector so they can choose to respond to a letter or voicemail message. Where, as here, the debt collector failed to divulge that precise information, such an omission is material to whether an unsophisticated consumer would be confused about whether the caller was a debt collector.  *See Smith v. Greystone All. LLC*, No. 09-CV-5585, 2011 WL 1303377, at *6 (N.D. Ill. Mar. 29, 2011) ("If a debt collector fails to adequately disclose that it is a debt collector, the [c]ourt cannot see how that omission is anything but material to the question of whether an unsophisticated consumer would be confused about whether the caller was a debt collector."), *reconsideration denied*, 2011 WL 2160886 (N.D. Ill. May 27, 2011); *cf. Massey v. On-Site Manager, Inc.*, 285 F.R.D. 239, 248 (E.D.N.Y. 2012) ("The failure to give the required disclosure [under § 1692e(11)] is actionable per se, without any requirement of materiality." (italics omitted)).

Because the Voicemail Messages involve a material omission in failing to identify Selene Finance as a debt collector, the Court finds that the Complaint has stated a claim under § 1692e(11).  Accordingly, the Motion is denied as to Count II.

### III. Conclusion

For the reasons stated above, the Motion is granted in part and denied in part. The Clerk

of the Court is respectfully requested to terminate the pending Motion. (Dkt. No. 29.)

SO ORDERED.

DATED:     September 2 8 2016
               White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

21